# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *
HANFORD TANK DISPOSITION          *
ALLIANCE, LLC,                    *
                                  *
            Protestor,            *
                                  *
v.                                *
                                  *
UNITED STATES,                    *   No. 24-440C
                                  *
            Defendant,            *   Filed: October 24, 2024
                                  *
                                  *
v.                                *
                                  *
HANFORD TANK WASTE                *
OPERATIONS & CLOSURE, LLC,        *
                                  *
  Defendant-Intervenor.           *
                                  *
* * * * * * * * * * * * * * * * *
```

**O R D E R**

On September 8, 2024, the court issued a lengthy and detailed Opinion in the above captioned protest denying protestor's motion for judgment on the Administrative Record and granting defendant's and intervenor's cross-motions for judgment on the Administrative Record. See generally Hanford Tank Disposition All., LLC v. United States, No. 24-440C, 2024 WL 4432605 (Fed. Cl. Oct. 7, 2024). One issue raised by protestor was

> that "H2C [intervenor] is ineligible for award because it allowed its System for Award Management ('SAM') registration to lapse, in violation of the mandatory requirements of FAR 52.204-7," which protestor argues, "requires offerors to remain continuously registered in SAM as a condition of award. H2C's failure to maintain its SAM registration is incurable and renders its proposal ineligible for award."

Hanford Tank Disposition All., LLC v. United States, 2024 WL 4432605, at *17 (alteration in original). In the court's September 8, 2024 Opinion, the court determined:

> After the revised proposals were submitted and evaluated by the agency, the Department of Energy could no longer accept either of the initial proposals, and the initial proposals were not before the Source Selection Authority when making a decision on contract award in the February 24, 2024 Source Selection Decision Document. The Source Selection

> Authority's initial evaluation of proposals and award decision were mooted by the court's earlier decision on June 12, 2023 in Case No. 23-683C and the subsequent corrective action taken by the agency. In the above captioned bid protest, the lapse in SAM [System for Award Management] registration by intervenor in its initial proposal and evaluation by the agency, as documented and analyzed by the court in its June 12, 2023 decision, is not part of the evaluation of the revised proposals following the corrective action, as evaluated by the agency, as the earlier offers by both protestor and intervenor were no longer before the agency and were not "offers" pursuant to which the agency could award a contract. See FAR 2.101.
>
> Furthermore, there is no allegation that there was any lapse in H2C's SAM registration between the submission of its revised proposal on October 23, 2023 and the award to intervenor on February 29, 2024. Therefore, there is no violation of FAR 52.204-7(b)(1) after the corrective action in the protest currently before this court in Case No. 24-440C.

Hanford Tank Disposition All., LLC v. United States, 2024 WL 4432605, at *45–46 (Fed. Cl. Oct. 7, 2024) (emphasis and alteration added).

FAR 52.204-7(b)(1) states: "An Offeror is required to be registered in SAM when submitting an offer or quotation, and shall continue to be registered until time of award, during performance, and through final payment of any contract, basic agreement, basic ordering agreement, or blanket purchasing agreement resulting from this solicitation." FAR 52.204-7(b)(1) (2023) (emphasis added).

On September 20, 2024, protestor filed a motion for a temporary restraining order and a motion for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (2024) (RCFC). After the motions were briefed, on October 10, 2024, the court held oral argument and issued an oral decision to the parties. This Order memorializes the court's oral decision.

The United States Court of Appeals for the Federal Circuit has stated that "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." See Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.) (alterations added), reh'g denied (Fed. Cir. 1990). "A motion for reconsideration is not intended . . . to give an unhappy litigant an additional chance to sway the court." Stueve Bros. Farms, LLC v. United States, 107 Fed. Cl. 469, 475 (2012) (internal quotations omitted; ellipse in original); see also L-3 Commc'ns Integrated Sys., L.P. v. United States, 98 Fed. Cl. 45, 49 (2011) (quoting Alpha I, L.P. ex rel. Sands v. United States, 86 Fed. Cl. 568, 572 (2009) (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006))). "It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier." Lee v. United States, 130 Fed. Cl. 243, 252 (2017), aff'd, 895 F.3d 1363 (Fed. Cir. 2018). Therefore, "a motion for reconsideration 'should not be based on evidence that was readily available at the time the motion was heard.'" Johnson v. United States, 127 Fed.

Cl. 661, 664 (2016) (quoting Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. 593, 594 (1996), aff'd, 144 F.3d 769 (Fed. Cir. 1998))). "'Post-opinion motions to reconsider are not favored . . . especially where a party has had a fair opportunity to litigate the point in issue.'" Wagstaff v. United States, 118 Fed. Cl. 172, 175 (quoting Aerolease Long Beach v. United States, 31 Fed. Cl. 342, 376, aff'd, 39 F.3d 1198 (Fed. Cir. 1994)), aff'd, 595 F. App'x 975 (Fed. Cir. 2014).

> Protestor's motion for reconsideration argues:
>
> The Court's ruling on the parties' motions is predicated on clear legal error, as evident from the recent decision in Zolon PCS II, LLC v. United States, No. 23-1420, 2024 WL 4132156, at *1 (Fed. Cl. Aug. 29, 2024, re-issued Sept. 10, 2024), and would result in manifest injustice if left uncorrected. The Court's legal error arises from its incorrect interpretation of FAR 52.204-7, System for Award Management, and related cases. Specifically, the Court erroneously concluded that FAR 52.204-7 permits an agency to cure an offeror's failure to maintain continuous registration in the System for Award Management ("SAM") from initial proposal submission through award, by holding discussions and soliciting revised proposals. As Judge Davis explained in Zolon, this interpretation of FAR 52.204-7 has no basis in the regulation's text and is contrary to this Court's precedent. The correct interpretation of FAR 52.204-7 and prior cases involving this regulation is that the "regulation requires offerors to be continuously registered from the time the offerors submit their initial offers." Zolon, 2024 WL 4132156, at *6. Correction of the Court's legal error in the subject protest is necessary to prevent manifest injustice.

(emphasis added). The regulation at FAR 52.204-7(b)(1), as quoted above, however, does not contain the word "initial," and states: "An Offeror is required to be registered in SAM when submitting an offer or quotation, and shall continue to be registered until time of award, during performance, and through final payment of any contract, basic agreement, basic ordering agreement, or blanket purchasing agreement resulting from this solicitation." FAR 52.204-7(b)(1) (emphasis added).

RCFC 59(a) provides, in relevant part:

**(a) In General.**
  **(1)** *Grounds for New Trial or Reconsideration.* The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows:
    **(A)** for any reason for which a new trial has heretofore been granted in an action at law in federal court;
    **(B)** for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or

3

> **(C)** upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1) (emphasis in original). A Judge of the United States Court of Federal Claims gave the following guidance: "Pursuant to RCFC 59(a)(1), the court 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" CanPro Invs. Ltd. v. United States, 131 Fed. Cl. 528, 531 (2017) (quoting Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016)); Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010); see also Clarke Health Care Prods., Inc. v. United States, 152 Fed. Cl. 570, 572 (2021). "Manifest," as in "manifest injustice," is "understood as clearly apparent or obvious." Cyios Corp. v. United States, 124 Fed. Cl. 107, 113 (2015) (internal quotation marks omitted); see also Lee v. United States, 130 Fed. Cl. at 252; Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002), aff'd, 384 F.3d 1368 (Fed. Cir. 2004), cert. denied, 544 U.S. 948 (2005). "Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" Griffin v. United States, 96 Fed. Cl. 1, 7 (2010) (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006), aff'd in part, rev'd in part on other grounds, 536 F.3d 1282 (Fed. Cir. 2008)). Pursuant to RCFC 59(a)), "[m]otions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (alteration added) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)), reh'g en banc denied (Fed. Cir.), cert. denied, 546 U.S. 826 (2005); Sci. Applications Int'l Corp. v. United States, 161 Fed. Cl. 373, 382 (2022) ("A motion for reconsideration under Rule 59 must be supported 'by a showing of extraordinary circumstances which justify relief.'" (quoting Biery v. United States, 818 F.3d at 711 (quoting Caldwell v. United States, 391 F.3d at 1235))); see also Campo v. United States, 172 Fed. Cl. 472, 475 (2024) (citing Biery v. United States, 818 F.3d at 711).

Protestor's motion for reconsideration relies on a recent United States Court of Federal Claims decision by another Judge on the United States Court of Federal Claims in Zolon PCS II, LLC v. United States, No. 23-1420C, 2024 WL 4132156 (Fed. Cl. Aug. 29, 2024). Judge Davis reviewed the same FAR 52.204-7 provision and determined "the relevant triggering event for purposes of the SAM registration requirement in this procurement is the date the offerors submitted their initial proposals." Zolon PCS II, LLC v. United States, 2024 WL 4132156, at *7 (emphasis added). Judge Davis' decision was issued on August 29, 2024 as a sealed Opinion and was unsealed and issued as a reported Opinion on September 10, 2024, two days after this court issued its sealed Opinion in the above captioned protest on September 8, 2024, which also has been subsequently unsealed.

As described above, this court "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." Biery v. United States, 818 F.3d at 711. Protestor argues that the "correct interpretation" of the SAM

4

registration requirement is the interpretation that "'requires offerors to be continuously registered from the time the offerors submit their initial offers.'" (emphasis added) (quoting Zolon PCS II, LLC v. United States, 2024 WL 4132156, at *6). The protestor claims that the failure by this court to follow the logic of the Zolon decision would be a manifest injustice. The court notes that the Zolon decision was issued by another Judge of the United States Court of Federal Claims and, therefore, is not considered binding precedent. Moreover, this court interpreted the same SAM registration FAR provision and the same cases relied upon by Judge Davis in the Zolon decision and came to a different conclusion regarding the SAM registration FAR provision. The court also has reviewed Judge Davis' decision. After review, respectfully, the court remains convinced this court's conclusion regarding the SAM registration issue is not clear error, but the correct interpretation of the timing requirements for required SAM registration in the above captioned Hanford protest. As indicated in the earlier oral decision, protestor's motion for reconsideration is **DENIED**.

As noted above, the protestor also filed a motion for a temporary restraining order at the same time the protestor filed its motion for reconsideration. At the oral argument on the motions, protestor's counsel acknowledged that the motion for the temporary restraining order was premised on the success of the motion for reconsideration. As the court has denied the motion for reconsideration, the motion for a temporary restraining order is also **DENIED**.

**IT IS SO ORDERED**.

                                            s/Marian Blank Horn
                                        **MARIAN BLANK HORN**
                                               **Judge**